### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARIM ABDUL RAHMAN MARTIN, : | |
| : | CASE No. 2:23-cv-01968 |
| Plaintiff, : | |
| : | MICROSOFT CORPORATION'S |
| v. : | MOTION TO DISMISS PLAINTIFF'S |
| : | COMPLAINT |
| MICROSOFT CORPORATION, : | |
| : | |
| Defendant. : | |

## I.    INTRODUCTION

Plaintiff filed the Complaint instigating this action *pro se* on January 31, 2023, but then never properly served Defendant Microsoft Corporation ("Microsoft"). *See* Declaration of Joanna Byng, attached as Exhibit A. Plaintiff also appears to have attempted to serve the Securities and Exchange Commission, the Internal Revenue Service, the Department of the Treasury, and other government entities, though it is not clear why. *See* Dkt. #6 at 7-10.

Plaintiff's allegations are unintelligible. Because Plaintiff fails to state a claim upon which relief may be granted and failed to properly serve Microsoft, the Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) or, in the alternative, under Fed. R. Civ. P. 12(b)(5).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even taking well-pled allegations as true, bare, conclusory allegations of wrongdoing are not entitled to the assumption of truth and are insufficient to sustain a complaint. *See id.* at 679.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). When a plaintiff fails to comply with the procedural requirements of Rule 4, the defendant may move to dismiss the complaint for insufficient service of process under Rule 12(b)(5).

### III.  ARGUMENT

The Court should dismiss the Complaint because it fails to state a claim for relief. *See* Rule 12(b)(6). Even if the Court were to determine that those claims should not be dismissed, it should still dismiss the Complaint for insufficient service of process. *See* Rule 12(b)(5).

#### a.  The Complaint should be dismissed for failure to state a claim.

The allegations in the Complaint, insofar as there are any, are incomprehensible. Plaintiff refers to "the Microsoft Transfusion of Blood, Human Feces, and Vomit" and "the Location of My Over 200 Children." He also reports that "my Face was Frequently Changed" and "my Memory Was Erassed [*sic*] on Several Occasions." These are not claims to relief that are plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court may dismiss a complaint where its claims are "based on vague and conclusory allegations." *Miller v. Comcast*, 724 F. App'x 181, 182 (3d Cir. 2018) (affirming dismissal of complaint alleging that defendant Comcast had tried to cast the plaintiff as a villain in its movies to "turn America against" him, spied on him through his phone, and tried to have him killed); *see also Lemar v. Am. Trading Corp.*, 643 F. App'x 79, 82 (3d Cir. 2016) (affirming dismissal of complaint alleging sweeping conspiracy by corporations to steal the plaintiff's mother's inheritance over 50 years prior).

Because Plaintiff's claims are facially implausible, the Court should dismiss the

Complaint pursuant to Rule 12(b)(6).

### b. The Complaint should be dismissed for insufficient service of process.

Even if Plaintiff had stated a plausible claim for relief, which he has not, the Court should dismiss the Complaint for insufficient service of process.

Rule 4 provides that service upon a corporation may be made by delivering a copy of the summons and complaint to either 1) "an agent authorized by appointment or by law to receive service of process," or 2) "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Rule 4 further provides that service may be accomplished by following state law for service in the state where the district court is located or the state where service is made.

Microsoft maintains registered agents authorized to accept service of legal process on Microsoft's behalf in every state, including at 1) Corporation Service Company, 2595 Interstate Drive #103, Harrisburg, PA 17110; 2) Corporation Service Company, 300 Deschutes Way SW #208 MC-CSC1, Tumwater, WA 98501; 3) Corporation Service Company, 1090 Vermont Avenue NW, Washington, DC 20005; and 4) Corporation Service Company, 2626 Glenwood Avenue, Suite #550, Raleigh, NC 27608. *See* Declaration of Joanna Byng, attached as Exhibit A, ¶ 4. These registered agents are the only persons Microsoft has authorized to accept service of process on its behalf in Pennsylvania, Washington, North Carolina, and the District of Columbia. *See id.* ¶ 5. In the ordinary course of Microsoft's business, Microsoft's registered agents promptly notify Microsoft when they are served with legal process directed to Microsoft. *See id.* ¶ 6. None of Microsoft's registered agents notified Microsoft that they have been served by Plaintiff. *See id.* ¶ 8.

The docket indicates that Plaintiff filed his Complaint on January 1, 2023. *See* Dkt. # 1.

On February 14, 2023, Plaintiff filed proof of service indicating that he had attempted to serve Microsoft by sending the Summons by Priority Express Mail to Microsoft's offices at 1) 1 Microsoft Way, Redmond, WA 98052, 2) 901 K Street NW, 11th Floor, Washington, D.C. 20001, and 3) 8055 Microsoft Way, Charlotte, NC 28273. *See* Dkt. #6 at 1-6. US Postal Service records provided by Plaintiff show that the Summons was signed for by "M Microsoft" on February 4, 2023 in Redmond and by "T Long" in Charlotte. *See id.* at 19, 20. Plaintiff has provided no information regarding who, if anyone, accepted service on Microsoft's behalf in the District of Columbia.

Under Pennsylvania law, a corporation may be served by mail if the defendant or the defendant's authorized agent signs a return receipt. *See* Pa. R. Civ. P. 403, 404, 424. But "[d]elivering service of process to a mail clerk or secretary who 'has the authority to accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process.'" *De Lage Landen Financial Services, Inc. v. Topeka Hospital, LLC*, No. 22-1834, 2023 WL 2415881 (E.D. Pa. Mar. 6, 2023). Plaintiff has not provided proof that Defendant's authorized agents signed for Plaintiff's Summons in Redmond, Charlotte, or the District of Columbia. At most, Plaintiff has shown that a mail clerk signed for the Summons in Redmond and Charlotte.

The service requirements in Washington provide that a corporation must be served by serving its registered agent, and only if the registered agent cannot with reasonable diligence be served can the corporation then be served by mailing the summons addressed to the entity at the entity's principal office, return receipt requested. *See* RCW 23.95.450. The service requirements for the District of Columbia similarly provide that a corporation must be served by serving its registered agent, and only if the registered agent cannot with reasonable diligence be served can

4

the corporation then be served by mailing the summons addressed to the entity at the entity's principal office, return receipt requested. *See* D.C. Code § 29-104.12.

Information concerning the identity and address of Microsoft's registered agent is publicly available online through the websites of each state's Secretary of State. Plaintiff could have served Microsoft by mail directed to one of Microsoft's registered agents had he exercised reasonable diligence.

The service requirements in North Carolina provide that a corporation may only be served by mail, return receipt requested, if the summons is addressed to an authorized agent, officer, or director of the corporation. *See* N.C. Gen. Stat. § 1A-1, 4(j)(6).

The Summons Plaintiff mailed to Microsoft's Charlotte office was addressed not to one of Microsoft's authorized agents, officers, or directors, but to Microsoft itself. *See* Dkt. #6 at 2.

Accordingly, Plaintiff has failed to properly serve Microsoft. Because personal jurisdiction over a defendant cannot be established without effective service, this Court has no jurisdiction over Microsoft.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Microsoft respectfully requests that the Court dismiss Plaintiff's Complaint.

Date: May 24, 2023                                        By: */s/ Jessica M. Rizzo*
                                                                             Jessica M. Rizzo
                                                                             MONTGOMERY MCCRACKEN
                                                                             WALKER & RHOADS, LLP
                                                                             1735 Market Street
                                                                             Philadelphia, PA 19103

                                                                             *Counsel for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2023, a true and correct copy of the foregoing Motion to Dismiss was served upon Plaintiff by certified mail, return receipt requested at:

>Karim Abdul Rahman Martin
>4535 Shelmire Avenue
>Philadelphia, PA 19136

*/s/ Jessica M. Rizzo*
Jessica M. Rizzo

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARIM ABDUL RAHMAN MARTIN,** | : | |
| | : | CASE No. 3:CV-23-0173 |
| **Plaintiff,** | : | |
| | : | **DECLARATION OF JOANNA BYNG** |
| v. | : | **IN SUPPORT OF DEFENDANT** |
| | : | **MICROSOFT CORPORATION'S** |
| **MICROSOFT EXTERNAL LEGAL** | : | **MOTION TO DISMISS PLAINTIFF'S** |
| **AFFAIRS,** | : | **COMPLAINT** |
| | : | |
| **Defendant.** | | |

I, **JOANNA BYNG**, declare as follows:

1. I serve as a Paralegal for Defendant Microsoft Corporation. I make this declaration of my own personal knowledge and/or based upon a review of the records made available to me.

2. I respectfully submit this declaration in support of Defendant Microsoft Corporation's Motion to Dismiss Plaintiff Karim Abdul Rahman Martin's Complaint.

3. Microsoft Corporation is a Washington State Corporation that has been registered to do business in the State of Pennsylvania since at least July 14, 1998.

4. Microsoft maintains registered agents authorized to accept service of legal process on Microsoft's behalf at 1) Corporation Service Company, 2595 Interstate Drive #103, Harrisburg, PA 17110; 2) Corporation Service Company, 300 Deschutes Way SW #208 MC-CSC1, Tumwater, WA 98501; 3) Corporation Service Company, 1090 Vermont Avenue NW, Washington, DC 20005; and 4) Corporation Service Company, 2626 Glenwood Avenue, Suite #550, Raleigh, NC 27608.

5. These registered agents are the only persons Microsoft has authorized to accept service of process on its behalf in Pennsylvania, Washington, North Carolina, and Washington,

6.	In the ordinary course of Microsoft's business, Microsoft's registered agents promptly notify Microsoft when they are served with legal process directed to Microsoft.

7.	I am informed that Plaintiff commenced this action on January 31, 2023, by filing a Complaint, Request for Injunction, and Summons with the Clerk of Court for the Middle District of Pennsylvania.

8.	None of Microsoft's registered agents have notified Microsoft that they have been served with Plaintiff's Complaint, Request for Injunction, or Summons.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2023.

_____
Joanna Byng